## John Baker *versus* Lewis Allen *et al.*

Assessors of a town, conducting themselves with fidelity and integrity in assessing a tax, in pursuance of a vote duly certified to them, are not responsible in any form of action, for accidentally assessing a person not an inhabitant of the town and not liable to be taxed.

Trespass for taking and selling the plaintiff's chaise.

At the trial, before *Wilde* J., it appeared that a deputy sheriff sold the chaise by virtue of a warrant received from Stephen Upton, the treasurer and collector of the town of Danvers for the year 1837. The warrant was issued for the purpose of collecting a tax assessed on the plaintiff as an inhabitant of the town in 1836. The plaintiff offered to prove, that the defendants were the assessors of the town in 1836, and

that the tax was made by them, and that at the time when it was assessed upon him, he was not an inhabitant of the town. The warrants from the assessors to the treasurer, and from the treasurer to the deputy sheriff, were in due form.

The defendants moved for a nonsuit, on the ground that the action of *trespass* could not be maintained against the defendants, nor any other form of action, upon the facts above stated.

A nonsuit was ordered, subject to the opinion of the whole Court.

*Saltonstall* and *Miller*, for the plaintiff.    Under *St.* 1823, *c* 138, § 5, providing that assessors of a town, acting with fidelity and integrity, shall not be made responsible for the assessment of any tax upon " the inhabitants " of the town, " when thereto required by the constituted authorities thereof," it has been held, that they were not protected in assessing a tax upon a person not an inhabitant and not liable to the tax, and that the statute did not extend to the case of school districts. In the Revised Stat. *c.* 7, § 44, the provision is, " the assessors shall not be responsible for the assessment of any tax in any town, parish, religious society, or school district, when such tax shall have been assessed by them, in pursuance of any vote for that purpose, certified to them, &c. ; but they shall, in such case, be responsible only for the want of integrity and fidelity on their own part." The phraseology of the two statutes is different, but the effect is the same, so far as regards the present question. The word *inhabitants* is omitted in the Revised Statutes, probably in reference to real estate of non-residents. *Little* v. *Merrill*, 10 Pick. 543 ; *Pease* v. *Whitney*, 5 Mass. R. 380 ; *Taft* v. *Wood*, 14 Pick. 364 ; *Little* v. *Greenleaf*, 7 Mass. R. 236.

*Ward*, for the defendants.

Morton J. delivered the opinion of the Court. The plaintiff has mistaken his remedy. If he has been wrongfully taxed and been compelled to pay, he may recover the money back from the town ; *Sumner* v. *First Parish in Dorchester*, 4 Pick. 361 ; but cannot maintain an action, in any form, against the assessors for it. By *St.* 1823, *c.* 138, § 5, assessors are exempted from all responsibility, for the assessments of taxes which they are properly required to assess, except " for

<div style="text-align: right">Baker
<em>v.</em>
Allen.

<em>Nov. 7th</em>

<em>Nov. 8th.</em></div>

Baker
*v.*
Allen.

their own integrity and fidelity." The construction of this section, and the limits to which it extends, have been settled in a series of cases. *Gage* v. *Currier et al.* 4 Pick. 399 ; *Ingraham* v. *Doggett et al.* 5 Pick. 451 ; *Inglee* v. *Bosworth et al.* 5 Pick. 498 ; *Withington* v. *Eveleth,* 7 Pick. 106 ; *Little* v. *Merrill et al.* 10 Pick. 543. This statute, as construed by the Court in the above cases, did not include taxes on school districts, nor protect assessors from their mistakes in assessing individuals who by their residence or otherwise were not liable to be assessed, because they were not, within the meaning of the statute, " *required* " to assess such persons. But the Revised Statutes, *c.* 7, § 44, in the revision of the fifth section of *St.* 1823, *c.* 138, have varied the phraseology, and adopted more comprehensive language, so as to include school districts, with other corporations, and so as to protect assessors from liability for accidental errors in taxing those who are not liable to be taxed. It makes them "responsible only for the want of integrity and fidelity, on their own part." While acting within their appropriate sphere, they have the same protection and immunities which judicial officers have.

*Judgment on nonsuit*